**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **Case No. 20-cr-58 (RDM)** |
| | : | |
| **PATRICK HAWKINS,** | : | |
| | : | |
| **Defendant.** | : | |

## UNITED STATES' MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142(d)(1)(A)(iii), 18 U.S.C. § 3142(f)(1)(E), and 18 U.S.C. § 3142(f)(2)(A). The United States requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

### I. Procedural History

On March 3, 2020, a federal grand jury sitting in the District of Columbia returned an indictment charging Defendant with one count of Unlawful Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g). Defendant is scheduled for an initial appearance and detention hearing on April 20, 2020.

### II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). The parties may proceed by way of proffer and hearsay is permitted. Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the United States is not

required to "spell out in precise detail how the United States will prove its case at trial, nor specify exactly what sources it will use." <u>United States v. Martir</u>, 782 F.2d 1141, 1145 (2d Cir. 1986); <u>United States v. Williams</u>, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. <u>Smith</u>, 79 F.3d at 1210; <u>Williams</u>, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. 18 U.S.C. § 3142(e)(1).

## A.   <u>Nature and Circumstances of the Offenses Charged</u>

The first factor, the nature and circumstances of the offenses charged, weighs in favor of detention.

On September 20, 2019, Officer Herbert LeBoo obtained D.C. Superior Court search warrant 2019 CSW 4907 for 3158 Buena Vista Terrace, SE Apt. 1 in Washington, D.C. Officer LeBoo obtained the search warrant after a year-long investigation (September 2018 through September 2019) initiated by Special Agent ("SA") David Burkholder of the Bureau of Alcohol, Tobacco, and Firearms ("ATF"), which included following Patrick Hawkins on a public Instagram account, where he posts as "_bossedupsavage".

Agents viewing this Instagram account observed numerous photos and video posts of Hawkins possessing numerous firearms as well as distribution-level amounts of marijuana.   The most recent postings prior to the search warrant were from:

- August 12, 2019, when Hawkins posted a video of himself possessing and singing about a Glock pistol;

- September 9, 2019, when Hawkins posted two videos of himself with a semi-automatic pistol; and

- September 14, 2019, when Hawkins posted a photograph of himself with 2 AR-style firearms.

During the time these videos and photos were posted (and when the warrant was obtained), the defendant was on pretrial release in D.C. Superior Court for carrying a pistol without a license, and his verified address with CSOSA was 3158 Buena Vista Terrace SE Apt. 1.

Members of MPD and ATF executed the search warrant on September 26, 2019.   SA Burkholder knocked & announced and a female opened the door and indicated there were children inside.   Officers stopped the following adult individuals in the living room:   Lauren Hawkins (defendant's mom and leaseholder) and Karen Harrison, DOB 3/25/94 (possibly defendant's sister?).   Officers stopped Ashlee Bryant, DOB 2/14/99, in bedroom #3, a back bedroom believed to belong to the defendant.   Ashlee Bryant is believed to be the defendant's girlfriend.   The defendant was stopped in the rear hallway directly across from the kitchen, which is near the back door to the apartment. There were also young children in the apartment.

After securing all individuals, officers searched the apartment.   Officers did not recover any firearms inside the apartment.   However, on the rear staircase (basically on the other side –

the outside - of the back door, near where defendant was located in the apartment) officers recovered a Ruger LCP .380 caliber handgun, serial number 371791307.   At the time it was recovered, it was loaded with 6 rounds of .380 caliber ammunition.   There are no firearms or ammunitions manufacturers in the District of Columbia.   As is noted above, the defendant has a prior felony conviction.

Officers also recovered a large amount of ammunition and proof of residency inside the apartment.   Some of the items recovered were as follows:

- Black backpack containing one box of Federal 9mm ammunition (16 rounds inside), 2 loose rounds of 9mm ammunition, one loose round of .380 ammunition, 1 box of Remington 9mm ammunition (1 round inside), 15 additional loose rounds of ammunition and one box of .380 caliber ammunition (16 rounds inside), as well as a Virginia state document in the name of Patrick Hawkins
- Box containing mail matter and court documents in Patrick Hawkins's name
- Glock 9mm 50 round drum box containing (1) loose round of .45 caliber ammunition, (2) Glock magazines and 2 bottles of gun lubricant
- Ammunition can containing 24 rounds of 9mm ammunition, 3 boxes of .223 ammunition (20 rounds each) and 12 loose rounds of .223 ammunition.
- Additional mail matter in the name of Patrick Hawkins

All items were recovered from Hawkins's bedroom or the closet across the hall; there was nothing recovered in common areas.   Patrick Hawkins was arrested.   He waived his rights and was interviewed by ATF.   He admitted to possessing "registered firearms" but did not admit to possessing the firearm and ammunition recovered during the execution of this search warrant.

A buccal swab was obtained from Patrick Hawkins at papering.   The gun was processed and swabbed by Officer LeBoo.   DNA testing was conducted, and it is at least 3.64 octillion $(3.64 \times 10^{27}$ times more likely that the DNA was contributed by Patrick Hawkins than that it contributed by an unknown sample.

**B.**      **Weight of the Evidence Against the Defendant**

The weight of the evidence weighs in favor of detention. Though technically outside the apartment, the firearm was recovered from an area within a few feet of where Defendant was standing and his DNA was located on the firearm.

**C.**      **The Defendant's History and Characteristics**

The third factor, the history and characteristics of the person, similarly weigh in favor of the detention. In addition to the instant case, Defendant was convicted of Larceny with Intent to Sell and Conspiracy to Commit Larceny in the Circuit Court of Stafford County Virginia (Case No. CR18-996-00).   Defendant was sentenced to four years' probation on February 26, 2019. Defendant was on probation in Stafford County when the facts of this case occurred, and Defendant was re-arrested and imprisoned for probation violation.

Defendant was convicted of carrying a pistol without a license in D.C. Superior Court Case Number 2019CF22378 on July 10, 2019 – before the search warrant was executed in this case. He was sentenced on October 1, 2019 – after the search warrant was executed in this case. Defendant was sentenced to a 6 month term of imprisonment, but that sentence was suspended. A show cause haring has been scheduled for April 23, 2020 to determine whether Defendant's probation should be revoked in that case.

D.     __Danger to the Community__

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. Defendant's history of carrying a firearm, including when on supervised release before another Court indicate that there is no combination of conditions that would guarantee the safety of the community of release. Moreover, given Defendant's inability to abide by conditions of release, there is no combination of conditions that would guarantee Defendant's presence in Court if he is released.

WHEREFORE, the United States respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

Dated: April 20, 2020

Respectfully submitted,
TIMOTHY J. SHEA
United States Attorney
D.C. Bar No. 437437


By:     _/s/   James B. Nelson_
JAMES B. NELSON
D.C. Bar No. 1613700
Assistant United States Attorney
Violent Crime & Narcotics Trafficking Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6986
james.nelson@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel via the Electronic Case Filing (ECF) system, on April 20, 2020.


By:      */s/ James B. Nelson*
         JAMES B. NELSON
         D.C. Bar No. 1613700
         Assistant United States Attorney
         Violent Crime & Narcotics Trafficking
         Section 555 4th Street, N.W.
         Washington, D.C. 20530
         (202) 252-6986
         james.nelson@usdoj.gov